WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donny Allen Hales, | No. CV-15-00353-TUC-RM (BGM) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner Donny Allen Hales's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). (Doc. 1.) Respondents filed a Limited Answer (Doc. 15) on June 30, 2016, and Petitioner filed a Reply (Doc. 27) on August 9, 2016.[1]

**I.     Background and Procedural History**

Petitioner was convicted by a jury of disorderly conduct, unlawful discharge of a firearm in city limits, aggravated assault with a deadly weapon, and kidnapping. (Doc. 16-1 at 2; Doc. 16-2 at 2; Doc. 21-2 at 3.)[2]  The jury also found beyond a reasonable doubt that Petitioner was on parole when he committed the offenses. (Doc. 16-2 at 3.) After the jury trial, Petitioner pled guilty to possession of a deadly weapon by a prohibited possessor, a charge which had been severed from the others. (Doc. 16-1 at 3;

---

[1]     The Court previously referred the matter to Magistrate Judge Bruce G. Macdonald (Doc. 9 at 4).  The Court now withdraws the magistrate-judge referral.

[2]     All record citations refer to the page numbers generated by the Court's electronic filing system.

16-3 at 2.) Petitioner's convictions stemmed from an incident outside a restaurant in which Petitioner, armed with a gun, physically pulled and shoved his estranged girlfriend into his truck. (Doc. 16-1 at 3.) The State presented evidence that Petitioner had grabbed his estranged girlfriend's hair, dragged her outside, hit her repeatedly, pointed his gun at her, and threatened to kill her. (*Id.*)[3] Judge Christopher Browning sentenced Petitioner to concurrent terms, the longest being 15.75 years. (Doc. 16-1 at 2-3; Doc. 16-4 at 3-6; Doc. 21-2 at 3.)

Petitioner timely appealed, arguing that the trial court abused its discretion in failing to give a *Willits*[4] instruction; that there was insufficient evidence to support Petitioner's kidnapping and aggravated assault convictions; and that the jury's on-parole finding was deficient as a matter of law. (Doc. 16-6 at 3-4, 7, 16-38.) Petitioner's argument concerning the *Willits* instruction was premised on the alleged existence of a surveillance videotape from the restaurant at which the incident occurred. (*Id.* at 17-18.) The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision filed on May 24, 2012. (Doc. 16-1.) In rejecting Petitioner's argument that the trial court abused its discretion in failing to give a *Willits* instruction, the Court of Appeals found that Petitioner had failed to show that the alleged surveillance videotape was exculpatory; the court also discussed testimony indicating that the State never had the alleged surveillance videotape in its possession. (*Id.* at 6.) The Court of Appeals affirmed the trial court's denial of a judgment of acquittal on the kidnapping and aggravated assault charges, finding that substantial evidence supported Petitioner's convictions on those charges. (*Id.* at 7-12.) Finally, the Court of Appeals found that Petitioner had technically not been on parole at the time of the offenses but that Petitioner could not show prejudice to entitle him to relief under the fundamental error standard of

---

[3] The Arizona Court of Appeals' factual findings are presumed to be correct, and Petitioner bears the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 547 (1981).

[4] *Arizona v. Willits*, 393 P.2d 274 (Ariz. 1964). A *Willits* instruction allows the jury to draw an inference from the State's failure to preserve exculpatory evidence. *Arizona v. Fulminante*, 975 P.2d 75, 93 (Ariz. 1999).

1    review because, if he had raised the error at trial, the State could have proven that

2    Petitioner was on community supervision at the time of the offenses. (*Id.* at 12-14.)

3    Petitioner did not seek review in the Arizona Supreme Court, and the trial court issued its

4    mandate on August 17, 2012. (Doc. 17-3.)

5    Petitioner filed a Notice of Post-Conviction Relief ("PCR") on August 23, 2012.

6    (Doc. 17-4.) PCR Counsel was appointed (Doc. 17-5), and Petitioner filed his PCR

7    Petition on May 13, 2013 (Doc. 17-7), raising three ineffective-assistance-of-counsel

8    claims. Petitioner argued that trial counsel was ineffective in failing to demonstrate the

9    necessity of a *Willits* instruction, failing to assure compliance with Petitioner's speedy

10   trial rights, and failing to adequately advise Petitioner with respect to his decision to

11   testify at trial. (*Id.* at 4-12) The trial court denied post-conviction relief (Doc. 19-5), and

12   the Arizona Court of Appeals granted review but denied relief (Doc. 21-2). The Court of

13   Appeals held that, given the speculative nature of Petitioner's alleged entitlement to a

14   *Willits* instruction, and the strength of the evidence against him, Petitioner had not shown

15   that he was prejudiced by trial counsel's performance with respect to the request for a

16   *Willits* instruction. (Doc. 21-2 at 4-6.) The Court of Appeals also found that Petitioner

17   had failed to demonstrate prejudice from trial counsel's alleged failure to safeguard

18   Petitioner's speedy trial rights. (*Id.* at 6-7.) Finally, the Court of Appeals agreed with the

19   trial court that the record contradicted Petitioner's arguments concerning trial counsel's

20   alleged failure to adequately advise him regarding his decision to testify, and that

21   Petitioner had not demonstrated prejudice from any deficient advice. (*Id.* at 7-8.) The

22   Arizona Supreme Court summarily denied review on August 12, 2014. (Doc. 22-2.)

23   **II.    Discussion**

24   Because Petitioner's federal habeas Petition was filed after April 24, 1996, the

25   effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

26   this case is governed by AEDPA. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th

27   Cir. 2001).

28   In their Limited Answer, Respondents argue that Petitioner's § 2254 Petition is

1 barred by AEDPA's one-year statute of limitations, that Petitioner's claims are not

2 cognizable on federal review, and that two of the claims are procedurally defaulted.

3      **A.**     **Timeliness**

4           **1.**     **Legal Standard**

5      A one-year period of limitation applies to petitions for writ of habeas corpus filed

6 by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1).

7 AEDPA's one-year limitation period runs from the latest of:

8      (A) the date on which the judgment became final by the conclusion of
direct review or the expiration of the time for seeking such review;

9      (B) the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States is

10 removed, if the applicant was prevented from filing by such State action;

11      (C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly recognized
by the Supreme Court and made retroactively applicable to cases on

12 collateral review; or

13      (D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

14 *Id.* § 2244(d)(1). The limitation period is tolled during the time period in "which a

15 properly filed application for State post-conviction or other collateral review with respect

16 to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

17      The limitation period is subject to equitable tolling under certain circumstances,

18 *Holland v. Florida*, 560 U.S. 631, 634 (2010), but equitable tolling "is justified in few

19 cases," *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The threshold necessary to

20 trigger it is "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292

21 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks omitted). The party seeking to

22 invoke equitable tolling "bears the burden of showing that this extraordinary exclusion

23 should apply to him." *Miranda*, 292 F.3d at 1065.

24      A petitioner is entitled to equitable tolling of the § 2244(d) statute of limitations

25 only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that

26 some extraordinary circumstance stood in his way and prevented timely filing." *Holland*,

27 560 U.S. at 649 (internal quotation marks omitted). The phrase "stood in his way" means

28 that "an external force"—as opposed to the petitioner's own "oversight, miscalculation,

or negligence"—must "cause the untimeliness." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

"Under the 'prison mailbox rule' . . . a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

### 2.    Analysis

On May 24, 2012, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences on appeal. (Doc. 16-1.) Pursuant to Rule 31.21(b)(2)(A) of the Arizona Rules of Criminal Procedure, Petitioner then had 30 days in which to file a petition for review in the Arizona Supreme Court. The 30-day provision is extended by 5 days when notice of the determination has been mailed by the clerk. *See* Ariz. R. Crim. P. 1.3(a)(5); *Arizona v. Zuniga*, 786 P.2d 956, 957 (1990); *Arizona v. Goracke*, 106 P.3d 1035, 1036 n.1 (Ariz. App. 2005). Accordingly, the time for filing a petition for review expired on June 28, 2012. *See* Ariz. R. Crim. P. 1.3(a)(5); Ariz. R. Crim. P. 31.19(a); Ariz. R. Crim. P. 31.21(b)(2)(A). Although the trial court did not issue its mandate until August 17, 2012 (Doc. 17-3), Petitioner's conviction became final on June 28, 2012. 28 U.S.C. § 2244(d)(1)(A);[5] *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"); *White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002) (date of "the ministerial act of entry of the mandate" is not relevant for purposes of calculating AEDPA limitation period). Accordingly, the statute of limitations under 28 U.S.C. § 2244 began to run on June 28, 2012.

The limitations period ran for 56 days, until August 23, 2012, when Petitioner

---

[5]    Petitioner does not argue that any of the provisions set forth at § 2244(d)(1)(B)-(D) is applicable. The record does not reveal any impediment to filing created by state action, *see* § 2244(d)(1)(B), the assertion of a constitutional right newly recognized by the Supreme Court, *see* § 2244(d)(1)(C), or a claim predicated on newly discovered facts, *see* § 2244(d)(1)(D).

filed his PCR Notice. (Doc. 17-4.) The limitations period was tolled under 28 U.S.C. § 2244(d)(2) from August 23, 2012 to August 12, 2014, when the Supreme Court denied review. (Doc. 22-2.) Because 56 days of the limitation period had already elapsed by that point, Petitioner had 309 days left in which to timely file his § 2254 Petition. Petitioner waited 339 days—until July 17, 2015—before depositing his § 2254 Petition in the prison mail system. (Doc. 1 at 12.)

Petitioner does not argue that he is entitled to equitable tolling, nor has he identified any facts that would support a finding that equitable tolling is applicable. Petitioner's miscalculation of the limitations period is not sufficient to trigger equitable tolling. *See Raspberry*, 448 F.3d at 1154 (holding that a pro se petitioner's "inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling").

Actual innocence may serve as a gateway allowing for federal habeas review of a petition filed after expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To invoke this "miscarriage of justice" exception to AEDPA's statute of limitations, "a petitioner must show that it is more likely than not that no reasonable juror would have convicted him," *id.* at 399, in light of "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In Claim IV, Petitioner argues that the State failed to produce sufficient evidence to support his kidnapping conviction. However, Petitioner does not allege that he is innocent of the other charges for which he was convicted, and he has not identified any new evidence that was not presented at trial. Without any new evidence supporting a claim of actual innocence, Petitioner cannot make the showing required to invoke the miscarriage of justice exception of AEDPA's statute of limitations.

In conclusion, Petitioner's § 2254 Petition is time-barred under 28 U.S.C. § 2244(d).

. . . .

1

**B.** **Procedural Default**

2

**1.** **Legal Standard**

3 A § 2254 petition subject to AEDPA cannot be granted unless it appears that (1)

4 the petitioner has exhausted all available state-court remedies, (2) there is an absence of

5 available state corrective process, or (3) state corrective process is ineffective to protect

6 the rights of the petitioner. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501

7 U.S. 722, 731 (1991). In cases not carrying a life sentence or the death penalty, "claims

8 of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona

9 Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.

10 1999) (per curiam).

11 To properly exhaust state-court remedies, the petitioner must "fairly present" his

12 claims to the state courts in a procedurally appropriate manner. *O'Sullivan v. Boerckel*,

13 526 U.S. 838, 848 (1999). A claim is fairly presented if the petitioner has described the

14 operative facts and the federal legal theory on which the claim is based. *See Picard v.*

15 *Connor*, 404 U.S. 270, 277-78 (1971). A petitioner must make the federal basis of the

16 claim explicit by citing specific provisions of federal law or federal case law or by citing

17 state cases that explicitly analyze the same federal constitutional claim. *Peterson v.*

18 *Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003); *Gatlin v. Madding*, 189 F.3d 882, 887-88

19 (9th Cir. 1999).

20 A claim is considered procedurally defaulted and thus precluded from federal

21 review if (1) the claim was not presented in state court and no state remedies are currently

22 available because the court to which the petitioner would be required to present the claim

23 in order to meet the exhaustion requirement would find the claims procedurally barred

24 under state law, or (2) the petitioner raised the claim in state court but the state court

25 rejected the claim based on "independent" and "adequate" state procedural grounds. *See*

26 *Coleman*, 501 U.S. at 729-32, 735 n.1.

27 Because the doctrine of procedural default is based on comity rather than

28 jurisdiction, federal courts retain the power to consider the merits of procedurally

defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, courts will do so only if the petitioner demonstrates cause and prejudice, or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate prejudice, the petitioner must show that the constitutional violations alleged in his § 2254 Petition "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted). To establish that a fundamental miscarriage of justice would occur if a claim were not heard on the merits in federal court, a petitioner must demonstrate that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup*, 513 U.S. at 327 (quoting *Murray*, 477 U.S. at 496). As noted above, a credible miscarriage of justice claim must be supported by "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting *Schlup*, 513 U.S. at 324).

### 2. Analysis

Respondents concede that Claims II, III, and V were fairly presented to the state courts. (Doc. 15 at 13-14.) The Court agrees that Claims II, III, and V are properly exhausted.

Respondents argue that Claims I and IV are procedurally defaulted. Petitioner raised Claim I in state court, but he did not fairly present it for purposes of the doctrine of procedural default because he failed to make the federal basis of the claim explicit. *See Peterson*, 319 F.3d at 1158. When Petitioner raised Claim I in state court, he alleged only an error of state law.[6] If Petitioner were to return to state court in an attempt to present Claim I as a federal constitutional claim, the state court would find the claim

---

[6] Indeed, as discussed below, Petitioner still has not identified a federal legal theory on which Claim I is based.

- 8 -

1    procedurally barred under state law. *See* Ariz. R. Crim. P. 32.2(a). Accordingly, Claim I

2    is procedurally defaulted. Petitioner has not demonstrated cause and prejudice or a

3    fundamental miscarriage of justice to excuse the procedural default.

4           Claim IV was also presented to the state courts as a state-law claim. However, a

5    claim that the trial court erred in denying a judgment of acquittal is essentially the same

6    as a claim that insufficient evidence supports a conviction, and the latter is a federal

7    constitutional claim. *See Jackson v. Virginia*, 443 U.S. 307, 321 (1979) ("a state prisoner

8    who alleges that the evidence in support of his state conviction cannot be fairly

9    characterized as sufficient to have led a rational trier of fact to find guilt beyond a

10   reasonable doubt has stated a federal constitutional claim"). Petitioner did not cite any

11   federal constitutional provisions or federal case law when he presented this claim to the

12   state courts, but he did cite a state case that itself cites *Jackson*, 443 U.S. 307. (*See* Doc.

13   16-6 at 24 (citing *Arizona v. Mathers*, 796 P.2d 866, 869 (Ariz. 1990) (citing *Jackson*,

14   443 U.S. 307)).) The Court finds that Claim IV was fairly presented to the state courts.

15          **C.     Cognizable Claims**

16          Respondents further argue that Petitioner's claims are not cognizable on federal

17   habeas review because Petitioner does not refer to the federal constitution or federal law

18   with respect to any of the claims. Habeas relief under § 2254 is available "only on the

19   ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of

20   the United States." 28 U.S.C. § 2254(a).

21          Even if Claim I were not procedurally defaulted, it is not cognizable on federal

22   habeas review because it asserts only a state-law violation. "[F]ederal habeas corpus

23   relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)

24   (quotation marks omitted).

25          Claims, II, III, and V do not specifically reference any provisions of the federal

26   Constitution or federal law, but the Court interprets them as alleging ineffective

27   assistance of counsel in violation of the Sixth Amendment to the United States

28   Constitution. Furthermore, the Court interprets Claim IV as alleging insufficient

evidence to support Petitioner's kidnapping conviction. *See Jackson*, 443 U.S. at 321. Accordingly, it appears that Claims II-V are cognizable on federal habeas review. However, the Court does not reach the merits of these claims because, as discussed above, Petitioner's § 2254 Petition is barred by AEDPA's statute of limitations.

**IT IS ORDERED** that the magistrate-judge referral (Doc. 9 at 4) is **withdrawn**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied**, and this action is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 6th day of March, 2018.

_____
Honorable Rosemary Márquez
United States District Judge